UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ANDERSON,

       Petitioner,                            Case Number: 06-CV-15622
                                                   Honorable Gerald E. Rosen

v.

HAROLD WHITE,

       Respondent.
_____/

**CORRECTED ORDER DENYING PETITIONER'S MOTION FOR RECOGNIZANCE
OR BAIL PENDING THE DECISION ON HIS PETITION FOR
A WRIT OF HABEAS CORPUS**

**I.**

This is a habeas corpus proceeding brought by a state prisoner, James Anderson ("Petitioner"), pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Petitioner filed his *pro se* petition on December 15, 2006. Respondent's response is due on June 25, 2007. Presently pending before the Court is Petitioner's motion for miscellaneous relief; a motion for recognizance or bail pending a decision on his petition for a writ of habeas corpus. The Court stands corrected in its previous Order, dated March 14, 2007. That Order is null and void. The Court denies Petitioner's motion for recognizance or bail for the following reasons.

**II.**

Petitioner was convicted of Operating Under the Influence of Liquor (OUIL), causing serious injury, in violation of MICH.COMP.LAWS § 257.6255, on June 7, 2004. He was put on probation, and ordered to participate in the Kalamazoo Probation Enhancement Program

(KPEP), a program designed to provide treatment to prisoners and parolees who have a substance abuse problem or problems.

On September 12, 2005, Petitioner pleaded guilty to violating his probation; Petitioner went AWOL from the KPEP program. The judge sentenced Petitioner to two to five years imprisonment. Petitioner argues in his habeas petition that the judge exceeded the guidelines in sentencing him. On that basis, Petitioner is requesting bail. Petitioner's earliest release date is September 2007.

### III.

To receive bail/bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson, supra* at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F. 2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances. The *Dotson* Court indicated that the power to release a petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Id.* at 79. In light of that decision, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, a prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of

some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* at 79 (quoting *Aronson v. May*, 83 S.Ct. 3, 5 (1964). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's motion is perfunctory and states no substantial basis for the extraordinary relief he seeks. Relief, therefore, must await review of the state-court record.

### IV.

Based upon the foregoing, this Court **DENIES WITHOUT PREJUDICE** Petitioner's motion**.**

**IT IS SO ORDERED.**

> **s/Gerald E. Rosen**
> **Gerald E. Rosen**
> **United States District Judge**

**Dated: March 28, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2007, by electronic and/or ordinary mail.**

> **s/LaShawn R. Saulsberry**
> **Case Manager**