UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ANDERSON,

       Petitioner,                            Case Number: 06-CV-15622
                                                                Honorable Gerald E. Rosen

v.

HAROLD WHITE,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

James Edward Anderson, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence on operating a motor vehicle under the influence causing serious injury. M.C.L. 275.6255a. Petitioner claims that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004).

On February 14, 2007, petitioner filed a motion for release pending review of his habeas petition. Respondent filed a response to that motion on March 22, 2007, asking that this Court deny petitioner's request for release and dismiss his petition for writ of habeas corpus, because petitioner's claim for relief is not a cognizable habeas claim. On March 28, 2007, this Court denied petitioner's motion for release. The Court now addresses respondent's request to dismiss petitioner's petition for writ of habeas corpus. For the reasons stated below, the Court **SUMMARILY DISMISSES** petitioner's petition for writ of habeas corpus.

## I. Background

The charges in this case arose as a result of an incident that occurred on June 7, 2004. Petitioner pled guilty to those charges–operating a motor vehicle under the influence causing serious injury–in the Kalamazoo County Circuit Court. The trial court sentenced him to probation. Petitioner violated his probation and then pled guilty to that offense. As a result, on September 12, 2005, the trial court sentenced petitioner to twenty-four to sixty months imprisonment. Petitioner's conviction and sentence were affirmed by both state appellate courts. *People v. James Edward Anderson*, No. 268376 (Mich. Ct. App. April 3, 2006); *lv. den.* 476 Mich. 859, 718 N.W.2d 352 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Whether or not petitioner's sentence is invalid, and whether he must be re-sentenced because the trial court increased the statutory sentencing guidelines range based on facts that were not charged in the information, admitted by him at his plea and were not proved to a jury beyond a reasonable doubt in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

## II. Discussion

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D.Mich. 2001). Additionally, "[f]ederal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it appears from the face of the petition or the attached exhibits that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999) (citing *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993); *See also*, Rule 4, RULES

GOVERNING

§ 2254 CASES. After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless such that the petition must be summarily dismissed. *See Robinson v. Jackson*, 366 F.Supp.2d 524, 525 (E.D.Mich. 2005).

In his sole claim, petitioner contends that the trial court incorrectly scored Offense Variables 3, 12, 17, and 18. Petitioner further alleges that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for scoring his sentencing guidelines range. Petitioner claims that his sentencing guidelines range would have been within the five to twenty-three month range had the trial court not assessed points against him for those offense variables.

Petitioner's sentence of twenty-four to sixty months incarceration was within the statutory limit for the crime of operating a motor vehicle under the influence causing serious injury. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D.Mich. 1999). "A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "Claims which arise out of a state trial court's sentencing decision are not generally cognizable upon federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Lucey v. Lavigne*, 185 F.Supp.2d 741, 745 (E.D.Mich. 2001) (citing *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing

guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim.  *See McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D.Mich. 2006); *Robinson v. Stegall*, 157 F.Supp2d 802, 823 (E.D.Mich. 2001); *Cook*, 56 F.Supp.2d at 797 (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)).  " [A] petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence."  *Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 752 (E.D.Mich. 2005); *See also Lovely v. Jackson*, 337 F.Supp.2d 969, 977 (E.D.Mich. 2004).  Petitioner's claim that Offense Variables 3,12,17, and 18 were incorrectly scored thus fails to state a claim upon which habeas relief can be granted.  *Shanks*, 387 F.Supp2d at 752; *Cook*, 56 F.Supp.2d at 797.  In short, petitioner has no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations.  *Doyle v. Scutt*, 347 F.Supp.2d 474, 485 (E.D.Mich. 2004).  Therefore, any error in calculating his guideline score or in departing above his sentencing guidelines range alone does not merit habeas relief.  *Id.*

Petitioner, however, contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt.

In support of his argument, petitioner relies on the case of *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's argument fails in that *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006); *People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004) (both citing M.C.L. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 256, n. 7, 666 N.W.2d 231 (2003) (citing M.C.L. 769.34(2)). Under Michigan law, " [t]he trial judge sets the minimum, but can never exceed the maximum" sentence. *Claypool*, 470 Mich. at 730, n. 14. As such, Michigan's indeterminate sentencing scheme is unaffected by the United States Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

Therefore, the decision in *Blakely* has no application to petitioner's sentence in this case. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights.

## III.  Order

Based on the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

                                        s/Gerald E. Rosen  
                                        Gerald E. Rosen  
                                        United States District Judge

Dated: April 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2007 by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry  
                                        Case Manager